**Opinions of the United States Court of Appeals for the Third Circuit**



8-10-2005

# Foster-Walker v. W MI Natl Bank Trust

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Foster-Walker v. W MI Natl Bank Trust" (2005). *2005 Decisions.* Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 04-3207 and 04-3293

———————

JODI LYNN FOSTER WALKER,

Appellant in 04-3207

v.

WEST MICHIGAN NATIONAL BANK & TRUST; HENRY T. MATHER, JR.,
TRUSTEE; THOMAS A. BAITHER; MEMBERS OF ADVISORY COMMITTEE OF
JAMES R. FOSTER TRUST FOR JODI LYNN FOSTER CREATED NOVEMBER 4,
1988; JAMES R. FOSTER, INDIVIDUALLY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civ. No. 03-cv-00794 )
District Judge:   Honorable Sue L. Robinson, Chief Judge

———————

JODI LYNN FOSTER WALKER,

Appellant in 04-3293

v.

NORTHERN TRUST COMPANY; TRUSTEE BANK & TRUST; PHYLLIS L.
FOSTER, TRUSTEE; LAWRENCE T. FOSTER; ROBERT C. FOSTER;  MEMBERS
OF ADVISORY COMMITTEE OF JAMES R. FOSTER TRUST FOR JODI LYNN
FOSTER DATED DECEMBER 26, 1978; JAMES R. FOSTER, INDIVIDUALLY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civ. No. 03-cv-00795 )

1

District Judge:  Honorable Kent Jordan

_____

Argued July 15, 2005
Before:  SLOVITER, McKEE and WEIS, Circuit Judges.
(Filed:  August 10, 2005)

_____

I. Jay Katz, Esquire (ARGUED)
200 Continental Drive, Suite 100
Newark, DE 19711

Attorney for Appellant Jodi Lynn Foster Walker


David C. Blickenstaff, Esquire (ARGUED)
Scott Bieber, Esquire
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606

Michael J. Maimone, Esquire
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE  19806

Attorneys for Appellees West Michigan National Bank & Trust, Trustee; Henry T.
Mather, Jr. and Thomas A. Baither, Members of Advisory Committee of James R. Foster
Trust for Jodi Lynn Foster Created November 4, 1988; and James R. Foster, Individually
in No. 04-3207

Attorneys for Appellees Phyllis L. Foster, Lawrence T. Foster and Robert C. Foster,
Members of Advisory Committee of James R. Foster Trust for Jodi Lynn Foster Dated
December 26, 1978; and James R. Foster, Individually in No. 04-3293.

Edward B. Micheletti, Esquire (ARGUED)
Edward P. Welch, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
T. Victor Clark

One Rodney Square
P.O. Box 636
Wilmington, Delaware   19899-0630

<u>Attorneys for Appellee Northern Trust Company in No. 04-3293</u>

_____

<u>OPINION</u>

WEIS, <u>Circuit Judge</u>.

Plaintiff filed two separate diversity actions involving closely related claims.  Each was assigned to a different District Court judge, but we have consolidated both appeals and rule on them in this opinion.

## I.  BACKGROUND

Because we write primarily for the parties and they are familiar with the facts, we will briefly summarize the background.

Plaintiff is the beneficiary of two irrevocable trusts created by her father, James R. Foster.  The first trust was established in May 1971 with the predecessor bank of the West Michigan Bank & Trust Company serving as Trustee (the "1971 Trust").

In 1988, when plaintiff reached the age of 21 years, she was eligible to receive the whole or part of the corpus of the 1971 Trust.  In her complaint, plaintiff alleges that her father visited her in Delaware, bringing many documents he claimed were necessary so that she could acquire a home.  She asserts that he fraudulently induced her on November 2, 1988 to sign an assignment of all of the assets from the 1971 Trust to

another trust. According to plaintiff, this transaction resulted in unfavorable tax consequences to her. The trust she assigned her assets to was created by her father and the trustee was subject to some degree of control by an advisory committee named by her father (the "1988 Trust").

The second trust was established for the plaintiff's benefit in December 1978 with the predecessor of defendant Northern Trust Company serving as trustee (the "1978 Trust"). As is the case with the 1988 Trust, the trustee was limited to some extent by an advisory committee whose members are defendants in this suit. According to the plaintiff's complaint, when she reached the age of 18 years in January 1985, she received a letter from the Northern Trust Company dated January 30, 1985. The letter advised her that within the following thirty days she had the right to withdraw all or part of the trust's assets. The letter also explained that if she chose not to exercise this right or decided to waive it, she could revoke the trust or withdraw the principal from it at a later date, but only with the consent of the advisory committee.[1]

The letter contained a line at the end reading: "I waive my right to withdraw trust assets at age 18." Plaintiff signed at the line indicated and returned the letter to the Northern Trust Company, which continues to administer the trust.

---

[1] Plaintiff admits she received the second page of the letter, but "strongly believes" that she did not get the first page. The second page, however, does state: "The trust agreement permits you to waive your withdrawal right. If you choose to do this, simply sign at the bottom of the letter on the signature line indicated and return this letter to me in the reply envelope provided."

4

## II. THE PARTIES

Plaintiff is a Delaware citizen and brought this diversity action in the Delaware District Court. James R. Foster, the settlor of the trusts, is a citizen of Montana.

West Michigan National Bank & Trust is a citizen of Michigan and does not do business in Delaware. Defendant Henry T. Mather, Jr. and Thomas A. Baither, members of the advisory committee of the 1988 Trust, are not citizens of Delaware. West Michigan and the individual defendants challenge the assertion of personal jurisdiction over them.

The Northern Trust Company is a corporate citizen of Illinois. Phyllis L. Foster, Lawrence T. Foster and Robert C. Foster are members of the advisory committee for the 1978 Trust and are named defendants; they are all citizens of states other than Delaware. Northern Trust and the individual defendants challenge the assertion of personal jurisdiction.

In the suit on the assignment of assets to the 1988 Trust, the district judge ruled that, with the exception of James R. Foster, plaintiff had failed to establish personal jurisdiction over defendants. The District Court also concluded that the statute of limitations and laches barred any recovery. In analyzing the claim against James R. Foster, the District Court ruled that plaintiff had failed to state a claim upon which relief could be granted.

In the suit on the waiver of withdrawal rights from the 1978 Trust, the

5

district judge found a lack of personal jurisdiction over all of defendants and also concluded that the statute of limitations and laches required a finding for defendants.

## III. PERSONAL JURISDICTION

The logical approach to resolution of the disputes is to first decide the issue of jurisdiction over each defendant because in its absence we do not have the authority to adjudicate the controversy on the merits.

Because all of the defendants challenged personal jurisdiction, plaintiff was obligated to establish that the defendants were subject to the Delaware Long Arm statute and that there was no Due Process violation. The district judges properly analyzed the state statute and the Due Process underpinnings in both cases. We see no need to reiterate their statements of the applicable law.

Of the two trustee companies, neither had places of business in Delaware, nor did they conduct activities there that made them subject to service through the Delaware statute, with one exception. The corpus of the 1988 Trust includes a relatively small portion of real property located in Delaware which might afford jurisdiction as to that asset. At oral argument, plaintiff did not appear to be concerned about that part of the trust corpus or about its impact on jurisdiction. More importantly, however, plaintiff did not raise that issue in the District Court or in her opening brief here. Accordingly, we will not consider that matter at this time. United Steelworkers of America, AFL-CIO v.

6

New Jersey Zinc Co., 828 F.2d 1001, 1008 (3d Cir. 1987) ("this court has consistently held that it will not, absent extraordinary circumstances, address on appeal issues not originally presented to the district court"); Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 316 n.11 (3d Cir. 1999) (holding an argument waived where it was not raised in a party's briefs on appeal or before the district court).

We conclude after a thorough review of the record and oral argument that plaintiff failed to establish personal jurisdiction over the trustee companies and the individuals who are named as members of the advisory committees. Ordinarily, we would consider whether to honor a plaintiff's request to transfer the litigation to a district where defendants are amenable to service. 28 U.S.C. § 1406(a). Here, however, none of the parties have requested a transfer, nor have they suggested an appropriate venue. Because our ruling as to all defendants except James R. Foster in the suit on the assignment of assets to the 1988 Trust is based on lack of jurisdiction, rather than on the merits, those dismissals will be without prejudice.

Defendant James R. Foster, as the defendant in the suit on the assignment of assets to the 1988 Trust, stands in a different category. He came to Delaware and allegedly participated in fraudulent conduct with respect to the assignment of trust assets. The District Court ruled that those allegations of tortious activities established personal jurisdiction over James R. Foster. We find no error in that ruling.

The District Court found also that, because the alleged tortious conduct occurred in 1988, more than 15 years before suit was filed, the litigation was barred by the statute of limitations, or in the alternative, by laches. We are persuaded that ruling was correct and accordingly, we will affirm the judgment in favor of James R. Foster in that case.

Because James R. Foster did not appear in Delaware in connection with the claims asserted in the suit on the waiver of withdrawal rights as to the 1978 Trust, he was not subject to personal jurisdiction in that suit and the claim against him will be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, the judgment in favor of James R. Foster in the suit docketed in this Court at No. 04-3207 will be affirmed. Dismissal without prejudice will be entered in favor of the remaining defendants in both appeal No. 04-3207 and No. 04-3293, and in favor of James R. Foster in appeal No. 04-3293.

_____